UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS N. HARRIS,

        Plaintiff,

Case No. 1:05-CV-815

Hon. Gordon J. Quist

v.

CINDI CURTIN, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on a motion filed by defendants Cindi Curtin, David Pratt, Larry Weaver, Anita Young, James MacMeekin, Terry Malloy, Christopher Crysler, Willie O. Smith, Fred Hogle, Betty Kemp, Eric Conran and Mark Gregory pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 42 U.S.C. § 1997e(a), which seeks dismissal of plaintiff's complaint under the "total exhaustion rule" announced in *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005) (docket no. 25). This matter is also before the court on plaintiff's motions for preliminary injunction (docket no. 32), temporary restraining order (docket no. 32) and plaintiff's motion for partial summary judgment (docket no. 35).

    **I.**    **Introduction**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996). To state a § 1983 claim,

a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

## II.     Procedural Background

Plaintiff's complaint is difficult to decipher. He did not utilize the form complaint provided to inmates nor did he set forth his claims in separate counts or numbered paragraphs. Nevertheless, the court has a duty to read a pro se plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F.2d 1220, 1223-24 (6th Cir. 1987).

It appears that plaintiff seeks relief based upon issues raised in five grievances filed with the Michigan Department of Corrections (MDOC).

ECF 0504-0721-28E.[1] Plaintiff underwent surgery for a ruptured brain aneurysm on June 9, 2004. This grievance appears to allege retaliation, claiming that MDOC officials sent plaintiff from a level 4 facility to a level five facility when he returned from the hospital on June 21, 2004, and that the new facility could not meet his medical needs. In his complaint, plaintiff alleges that defendants deliberately transferred him to the other facility to be oppressed and abused. This grievance includes an incident date of June 9, 2004.

ECF 0504-0720-28E. This grievance claims that MDOC officials should have released him from administrative segregation. In his complaint, plaintiff alleges that defendants' actions were retaliatory, and that they transferred him to a different facility to oppress, abuse, and

---

[1] The copies of the Step I grievances attached to plaintiff's complaint are illegible.

punish him in an attempt to prevent him from reporting incidents he encountered before his brain aneurysm. This grievance includes an incident date of June 9, 2004.

ICF 0408-1727-12E. This grievance appears to allege that defendant Kemp authorized MDOC staff to utilize a chemical agent to control plaintiff and in so doing jeopardized his health and welfare. Plaintiff states that he is an asthmatic and suffered injury from being sprayed with the chemical agent. This incident occurred during the morning of August 10, 2004. On that same day, plaintiff alleged that he was placed in restraints, suffered injuries to his left hand and passed out in the shower.

ICF 0409-1772-26A. This grievance appears to allege that defendants Conran and Gregory placed plaintiff in restraints and pushed him to the floor, which resulted in injuries to his neck and back. This incident occurred on August 27, 2004. Plaintiff alleges that defendants acted deliberately, because they were aware of his brain aneurysm rupture surgery in June 2004.

ICF 0409-1891-22A. This grievance alleges that defendant Warden Smith placed plaintiff's life in danger and ordered an MDOC officer to murder plaintiff in retaliation for filing grievances. In his complaint, plaintiff alleges that he suffered a scalp hematoma, internal bleeding and respiratory failure on September 18, 2004. Plaintiff alleges that Warden Smith knew that plaintiff should have been placed in a medical discovery facility rather than ICF. Although the word "murder" appears in plaintiff's grievance, he has omitted this from his complaint.

Plaintiff seeks $200,000 in compensatory and $200,000 punitive damages from each defendant, for a total claim of $4.8 million. He also seeks a declaratory judgment that defendants violated his Fifth, Eighth and Fourteenth Amendment rights and injunctive relief to release him from

administrative segregation and place him in an appropriate facility that can meet his chronic medical needs.

### III. Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.) (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). The exhaustion requirement, while not jurisdictional, is mandatory and must be addressed in the first instance by the district court in all prisoner civil rights cases before the merits of the case are addressed. *See Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001); *Wyatt*, 193 F.3d at 879; *Brown*, 139 F.3d at 1104.

In *Woodford v. Ngo*, -- U.S. --, 126 S. Ct. 2378 (2006), the Supreme Court stated that "the PLRA exhaustion requirement requires <u>proper exhaustion</u>." *Woodford*, 126 S. Ct. at 2387 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 2386. Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a § 1983 action in federal court *Id.* at 2382-93; 42 U.S.C. § 1997e(a).

Finally, under the total exhaustion rule as announced in *Jones Bey*, "the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims." *Jones Bey*, 407 F.3d at 805.

## IV. Discussion

Defendants seek dismissal of plaintiff's complaint for failure to comply with the total exhaustion rule as set forth in *Jones Bey*. In his complaint, plaintiff admits that two of his grievances, ECF 0504-0721-28E and ECF 0504-0720-28E were rejected as untimely. Defendants contend that these two rejected grievances are not exhausted. Defendants also contend that grievance ICF 0408-1727-12E is not exhausted because plaintiff failed to name the officers involved in the incident. Defendants concede that plaintiff exhausted grievances ICF 0409-1772-26A and ICF 0409-1891-22A.

The Michigan Department of Corrections (MDOC) Policy Directives regulate the inmate grievance process. Specifically, a prisoner must attempt to resolve an issue by speaking with the staff person within two business days of the incident, or, if he is not satisfied, the prisoner may file a Step I grievance within five business days of speaking with the staff person. *See* MDOC Policy Directives 03.02.130(R), 02.02.130(X). Here, grievances ECF 0504-0721-28E and ECF 0504-0720-28E allege that the incident occurred on June 9, 2004. However, plaintiff did not file the Step I grievances until February 1, 2005, more than seven months after the date of the alleged incidents.[2] The MDOC rejected these grievances as untimely. Accordingly, plaintiff's claims based upon these grievances were not properly exhausted in compliance with PLRA. *See Woodford*, 126

---

[2] Defendants contend that the MDOC did not actually receive grievance ECF 05-04-0721-28E until April 8, 2005. Defendants' Brief at 1.

S. Ct. 2378.  Because plaintiff's complaint includes both exhausted and unexhausted claims, it should be dismissed pursuant to the total exhaustion rule.  *See Jones Bey*, 407 F.3d at 805.[3]

### VI.     Plaintiff's motions

For the reasons stated above, plaintiff's complaint is not properly before the court. Accordingly, his motions for a preliminary injunction (docket no. 32), a temporary restraining order (docket no. 32) and partial summary judgment (docket no. 35) should be denied.

### VII.    Recommendation

I respectfully recommend that defendants' motion to dismiss (docket no. 25) be **GRANTED** and that plaintiff's suit be dismissed without prejudice and that plaintiff's motions for a preliminary injunction (docket no. 32), a temporary restraining order (docket no. 32) and partial summary judgment (docket no. 35) be **DENIED**.

I further recommend that the court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  December 19, 2006               /s/ Hugh W. Brenneman, Jr.
                                        Hugh W. Brenneman, Jr.
                                        United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[3] Because plaintiff failed to exhaust these two grievances, it is unnecessary for the court to address defendants' contention that grievance ICF 0408-1727-12E is unexhausted.