UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CURTIS N. HARRIS,

        Plaintiff,                               Case No. 1:05-CV-815

v.                                                  Hon. Robert J. Jonker

CINDI CURTIN, et al.,

        Defendants.

_____/

## ORDER AND JUDGMENT
## APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 65) filed on December 20, 2007. Plaintiff filed his Objection to the Report and Recommendation (docket # 66) on December 31, 2007.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be, with one exception that does not affect the outcome of the case, both factually sound and legally correct.

Plaintiff makes five objections to the Report and Recommendation: Plaintiff essentially restates the arguments in his complaint and motion papers and argues that (1) Grievance No. ICF 0408-1727-12E was properly exhausted; (2) there is sufficient evidence in the record to allow a jury to find that Defendants Smith, Kemp, and Hogle violated Plaintiff's Eighth Amendment right to be free from excessive force; (3) there is sufficient evidence in the record to allow a jury to find that Defendants Conran and Gregory violated Plaintiff's Eighth Amendment right to be free from excessive force; (4) there is sufficient evidence in the record to find that Defendant Smith violated Plaintiff's Fifth and Fourteenth Amendment rights; and (5) the Court should grant Plaintiff's motion for a temporary restraining order.

## I. EXHAUSTION

The Report and Recommendation concludes that Grievance No. ICF 0408-1727-12E was unexhausted for failure to identify the prison staff allegedly responsible for injuring Plaintiff's left wrist while removing him from the shower on August 10,. 2004. It is true that Plaintiff failed to name the individuals who removed him from the shower, but that is not the whole story. The grievance actually does name the three Defendants—Smith, Kemp, and Hogle—allegedly responsible for authorizing and using chemical agents on Plaintiff before bringing him to and then removing him from the shower. The use of chemical agents—not the alleged wrist injury—is the subject of Plaintiff's excessive force claim. Accordingly, Plaintiff correctly argues that Grievance No. ICF 0408-1727-12E was properly exhausted. Because the grievance specifically names Defendants Smith, Kemp, and Hogle, it is properly exhausted with respect to each of them on the chemical-agent claim. However, this issue does not ultimately impact the outcome of the case because, as the Magistrate Judge properly concluded, Plaintiff has not provided evidence sufficient to withstand summary judgment on the merits of his claim.

## II. MERITS

### A. August 10, 2004, Excessive-Force Claim Against Smith, Kemp, and Hogle

The Report and Recommendation concludes that Plaintiff fails to present sufficient evidence to allow a reasonable juror to find that Defendants Smith, Kemp, and Hogle acted maliciously and sadistically when they used chemical agents on Plaintiff. Plaintiff argues

3

that Defendants' motion for summary judgment should be denied because Defendants sprayed him with chemical agents without justification and injured his arm by twisting it. He argues that these facts would allow a reasonable juror to find that he suffered excessive force in violation of his Eighth Amendment rights.

Plaintiff's objection is without merit. He submits no evidence that a reasonable juror could rely on to make the necessary conclusion that Defendants acted maliciously and sadistically with the intent to harm him. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (holding that excessive force is force applied maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline). In fact, the record supports only the contrary conclusion: Defendants acted in a good-faith attempt to maintain discipline and compel compliance with an order. Plaintiff's affidavits do not state that he was complying with officers' orders, and Defendants aver that he was not. Based on that, a jury could conclude only that Defendants were faced with a situation where Plaintiff refused to comply with officers' orders. In such a situation, officers may utilize physical means (e.g., chemical agents or physical force) to compel compliance. *See Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992) (quoting *Soto v. Dickey*, 744 F.2d 1260, 1257 (7th Cir. 1984). In this case, Defendants were aware that, because of Plaintiff's recent aneurysm, physical force would present a high risk of injury, so they decided to use chemical agents rather than physical force. There is no evidence that Plaintiff's asthma is so severe that the use of chemical agents presented a serious risk to Plaintiff's health, and

there is certainly no evidence that Defendants knew that Plaintiff's asthma might be so severe that their decision to use chemical agents could be said to have been an intentional decision to sadistically and maliciously inflict harm. In short, Defendants' actions were not "repugnant to the conscience of mankind," *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Whitely v. Albers*, 475 U.S. 312, 327 (1986)), and, as explained in the Report and Recommendation, the only conclusion permitted by the record is that Defendants' conduct did not violate Plaintiff's Eighth Amendment right to be free from excessive force.

### B. August 27, 2004, Excessive-Force Claim Against Conran and Gregory

The Report and Recommendation concludes that Plaintiff fails to present sufficient evidence to allow a reasonable juror to find that Defendants Conran and Gregory acted maliciously and sadistically when they escorted him to a new cell. Plaintiff argues that Defendants' motion should be denied because Defendants pushed him down while they were escorting him to the cell, and he argues that such actions constitute excessive force that violated his Eight Amendment rights.

Plaintiff's objection is without merit. As explained in the Report and Recommendation, Plaintiff's version of the facts need not be accepted because it is blatantly contradicted by the record. *See Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *Reist v. Orr*, No. 95-

1128, 1995 WL 592041, at *2 (6th Cir. Oct. 5, 1995) (granting summary judgment and disregarding plaintiff's version of the facts because it was blatantly contradicted by defendants' evidence, which included medical evidence, incident reports, and evidence presented at major misconduct hearings). In this case, as in *Reist*, the medical evidence and evidence presented at a major misconduct hearing, combined with Plaintiff's conviction of the major misconduct blatantly contradicts Plaintiff's version of the events. Accordingly, the record would not allow a reasonable juror to conclude that Defendants violated Plaintiff's Eighth Amendment right to be free from excessive force.

Even if Plaintiff's version of the facts were taken over that of Defendants, Plaintiff still could not survive summary judgment. There is no evidence in the record that he suffered any injury. It is not enough for a prisoner to allege mere tortious conduct; the Eighth Amendment's protections from excessive force are not coextensive with those afforded by common law battery. *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973). "[N]ot every push or shove . . . violates a prisoner's constitutional rights." *Id.* Defendants' conduct was, at most, a push that resulted in minimal harm.[1] The minimal extent of

---

[1] Defendants' alleged conduct does not "offend even hardened sensibilities." *Johnson*, 481 F.2d at 1033 n.6 (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)). It does not constitute "brutal" force that is "offensive to human dignity." *Id.* (quoting *Rochin*, 342 U.S. at 174).

Plaintiff's injury clearly indicates that he was not subjected to a wanton and malicious infliction of harm in violation of the Eighth Amendment.[2]

### C. *Improper Transfer*

The Report and Recommendation concludes that Plaintiff fails to present sufficient evidence to allow a reasonable juror to find that Defendant Smith violated Plaintiff's constitutional rights by orchestrating Plaintiff's transfer to ICF. Plaintiff argues that Defendant Smith is not entitled to summary judgment on this claim because Defendant Smith, knowing that such action would harm Plaintiff, authorized the transfer of Plaintiff from ECF to ICF.

Plaintiff's objection is without merit. As explained in the Report and Recommendation, Plaintiff does not have a constitutional right to be confined in a particular institution, and there is no evidence that Defendant Smith either played a role in Plaintiff's transfer or knew about Plaintiff's medical condition such that he could be charged with knowledge of potential medical harm to Plaintiff resulting from the transfer.

### III. INJUNCTIVE RELIEF

The Report and Recommendation concludes that Plaintiff is not entitled to a preliminary injunction because his motion for a preliminary injunction seeks relief that is

---

[2] The Court does not hold that Plaintiff's minimal injury necessitates the conclusion that his Eighth Amendment rights were not violated. Rather, the Court holds that given the paucity of evidence supporting Plaintiff's alleged injury, no jury could conclude that Plaintiff suffered obdurate, wanton force that was delivered maliciously and sadistically to inflict harm.

7

of a different character than the relief to which he would be granted finally. Plaintiff argues that his motion should be granted because he needs immediate medical attention and an injunction is appropriate because it would provide relief of the same character as the relief that would be granted finally.

Plaintiff's argument is without merit. As discussed above (*supra* Part II) it is clear that Defendants are entitled to summary judgment, and Plaintiff, therefore, fails to demonstrate the requisite likelihood of success on the merits. *See Overstreet v. Lexington-Fayette Urban County Government,* 305 F.3d 566, 573 (6th Cir. 2002) (holding that a movant must show a strong or substantial likelihood of success on the merits).

Moreover, as discussed in the Report and Recommendation, the relief Plaintiff seeks is inappropriate. Plaintiff's exhausted claims allege excessive force and improper transfer to ICF. Yet Plaintiff's motion for a preliminary injunction has nothing to do with his excessive force or improper transfer claims. Instead, Plaintiff seeks to have this Court monitor Plaintiff's ongoing medical care and order that a follow-up examination with Defendant Malloy be scheduled. Defendant Malloy is not even a party to Plaintiff's exhausted claims; Plaintiff's request for relief in his motion for a preliminary injunction "deals with a matter lying wholly outside the issues in the suit." *DeBeers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945).

**ACCORDINGLY, IT IS ORDERED** that except with respect to Part III.C, the Report and Recommendation of the Magistrate Judge, filed December 20, 2007, is

approved and adopted as the opinion of the Court. Part I of this Order is the Opinion of the Court with respect to the exhaustion of Grievance No. ICF 0408-1727-12E, discussed in Part III.C of the Report and Recommendation.

**IT IS FURTHER ORDERED** that:

1. Defendants' motion for summary judgment (docket #52) is GRANTED;

2. Plaintiff's motion for partial summary judgment (docket # 35) is DENIED;

3. Plaintiff's suit is DISMISSED;

4. Plaintiff's motions for a temporary restraining order and preliminary injunction (docket ## 32, 49) are DENIED; and

5. Defendants' motion to dismiss (docket # 25) is DENIED as moot.


Dated:     March 4, 2008              /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE