UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HARRIS,

    Plaintiff,                                                            Case No. 1:05-cv-815

v.                                                                               Hon. Hugh W. Brenneman, Jr.

FRED HOGLE,

    Defendant.
_____/

**ORDER**

Pending before the court is plaintiff's motion to amend the Final Pretrial Order to include an additional witness (docket no. 170). The witness in question is Mr. Thomas I. Fales, a physician's assistant, who purportedly provided care and treatment to the plaintiff at the Michigan Department of Corrections. Plaintiff seeks to add him as a non-expert, and anticipates he "will testify regarding the known dangers and usage of chemical agents upon inmates with pre-existing medical conditions such as hypertension and asthma." Defendant objects to the motion as untimely and because he believes plaintiff really wants to treat Mr. Fales as an expert witness in the guise of a non-expert.

In determining whether plaintiff has shown the manifest injustice necessary to modify the Final Pretrial Order in this matter, *see* FRCP 16(e), the court is mindful that plaintiff's counsel came late to this case, which was originally filed *in pro per* by the plaintiff who was, and continues to be, a prison inmate. In this regard, the court is also aware of some difficulties that were previously experienced in the attorney-client relationship between plaintiff and his counsel.

What is not clear to the court is when or to what extent the proposed witness treated the plaintiff; why his name did not appear earlier; what are his qualifications, background and experience; or what are the particulars of his proposed testimony regarding known dangers and usage of chemical agents upon inmates with pre-existing medical conditions. Mr. Fales has not been offered as an expert witness, but rather as a physician's assistant who actually treated the plaintiff, and the court is concerned that he not testify or be treated as a "*de facto*" expert witness at trial.

The court does not presently find enough evidence of record to hold that barring this witness from testifying would amount to manifest injustice. But for the reasons stated above, and in the interests of justice, the court will afford the parties the opportunity to depose this witness, and will allow plaintiff thereafter to renew his motion based upon what is learned at the deposition, if he chooses to do so.

Accordingly, the motion is **DENIED** without prejudice to plaintiff renewing the motion based upon the witness's testimony at deposition. The parties may depose the witness but shall do so not later than **May 7, 2010**, and each party shall bear its own costs for the deposition. Mr. Fales has not been proffered as, and will not be permitted to testify as an expert witness in this matter, but he might be permitted to testify as a fact witness based on his treatment of the plaintiff, if it appears from the deposition that such testimony would be relevant. Any renewed motion by plaintiff shall be filed not later than **May 14, 2010,** and any response thereto shall be filed not later than **May 21, 2010.** The trial date remains unchanged.

**IT IS SO ORDERED.**

Dated: April 14, 2010    /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge