UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HARRIS,

    Plaintiff,

v.

Case No. 1:05-cv-815
Hon. Hugh W. Brenneman, Jr.

FRED HOGLE,

    Defendant.

_____/

**ORDER**

This matter is now before the court on plaintiff's three motions in limine (docket nos. 152, 153 and 155).

**I.**    **Background**

Plaintiff filed this action as a pro se prisoner civil rights case on December 7, 2005. The action was dismissed on March 4, 2008. *See* docket no. 68. Plaintiff appealed the dismissal to the Sixth Circuit Court of Appeals, which reversed in part and remanded the action for further proceedings with respect to plaintiff's claim of excessive force on August 10, 2004. *See* docket nos. 77 and 78. On October 24, 2008, after this action was remanded from Sixth Circuit, the court issued a case management order setting forth discovery deadlines. *See* docket no. 79. The case management order required that all discovery proceedings be completed by February 27, 2009. The order did not address the disclosure of expert witnesses.

The court appointed counsel for plaintiff on January 9, 2009. *See* docket no. 102. The court entered an amended case management order on February 18, 2009, stating that discovery was to be completed not later than May 15, 2009. *See* docket no. 105. Another case management order was entered on February 24, 2009, setting this matter for a pre-trial conference on August 13,

2009 and a trial on September 15, 2009. *See* docket no. 109. The parties consented to a trial before a magistrate judge on August 13, 2009. *See* docket no. 135. After re-assignment of the case to the undersigned, the trial was rescheduled to February 22, 2010. *See* docket no. 141. The court later rescheduled the trial a second time to June 7, 2010. *See* docket no. 150. A final pretrial conference was held August 13, 2009.

## II. Plaintiff's motion in limine regarding spoliation of evidence

The parties agree that a video of the August 10, 2004 incident has been lost. Plaintiff asks this court "to instruct the jury that Plaintiff is to have a presumption that since Defendant did not produce the video, and if the video had been available, it would have been adverse to Defendant's position." *See* docket no. 152. In short, plaintiff seeks a spoliation of evidence sanction against defendant. For his part, defendant argues that he was relying on the videotape to demonstrate the reasonableness of the response team to the August 10th critical incident.

In *Adkins v. Wolever*, 554 F.3d 650, 652-53 (6th Cir. 2009), a prisoner civil rights case seeking a similar sanction against an MDOC corrections officer for the loss of a videotape, the Sixth Circuit determined that district courts have broad discretion in crafting a proper sanction for spoliation of evidence.

> As our sister circuits have recognized, a proper spoliation sanction should serve both fairness and punitive functions. *See Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir.1995) (observing that a proper sanction will serve the "purpose[s] of leveling the evidentiary playing field and . . . sanctioning the improper conduct"). Because failures to produce relevant evidence fall "along a continuum of fault-ranging from innocence through the degrees of negligence to intentionality," [*Welsh v. United States*, 844 F.2d 1239, 1246 (6th Cir. 1988)], the severity of a sanction may, depending on the circumstances of the case, correspond to the party's fault. Thus, a district court could impose many different kinds of sanctions for spoliated evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence. *Vodusek*, 71 F.3d at 156.

2

> [The defendant corrections officer] urges us to hold that he should not be subject to spoliation sanctions because he did not control the evidence at issue. And he might be right, if, as he suggests, the preservation of relevant evidence was entirely beyond his control. But the fact-intensive inquiry into a party's degree of fault is for a district court. *See* [*Reilly v. Natwest Mkts. Group Inc.*, 181 F.3d 253, 267 (2nd Cir. 1999)] (explaining that the "remedial purpose" of sanctions is "best adjusted according to the facts and evidentiary posture of each case"). Thus, we leave to the district court the exercise of its broad discretion to decide if [the defendant corrections officer] should be subject to any form of spoliation sanctions despite the fact that he was not the prison records custodian.

*Adkins*, 554 F.3d at 652-53.

Plaintiff has presented little evidence in support of his claim for spoliation sanctions. The Sixth Circuit has made it clear that the trial court's broad discretion to decide a spoliation issue rests on a fact-intensive inquiry into a party's degree of fault. While plaintiff has made several assertions in his motion in limine, there is presently before the court an insufficient factual basis for the court to issue any sanction. Plaintiff also seems to rely on the Michigan Department of Corrections' (MDOC) obligation to preserve the video, but in light of the Sixth Circuit's reference to the existence of an innocence-to-intentional continuum, plaintiff should not necessarily rely on the court holding defendant responsible for the errors of the Michigan Department of Corrections. Presumably, further facts will be developed at trial. Plaintiff's motion in limine for spoliation sanctions (docket no. 152) is **DENIED**.

### III. Plaintiff's motion in limine to strike expert witness

Next, plaintiff seeks to strike defendant's expert witness, Michael Eichenhorn, M.D. (docket no. 153). Defendant identified Dr. Eichenhorn as an expert witness in the final pre-trial ordered entered on August 14, 2009, a fact which plaintiff concedes. S*ee* docket no. 137. Defendant identified Dr. Eichenhorn as a professor of medicine, board certified in Internal Medicine, Pulmonary Diseases and Critical Care Medicine, who would be called to testify at trial or via

deposition videotape. Dr. Eichenhorn was not identified as a rebuttal witness. Defendant states plaintiff never sought to depose Dr. Eichenhorn.

Plaintiff contends that defendant failed to provide expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2)(B), and a written report as required under Fed. R. Civ. P. 26(a)(2)(B)(i) through (vi).

When plaintiff filed this pro se prisoner civil rights case, the parties were exempt from the disclosures required under Fed. R. Civ. P. 26(a). *See* Fed. R. Civ. P. 26(a)(1)(B)(iv).[1] However, because plaintiff was represented by counsel after January 9, 2009, the exemption under Rule 26(a)(1)(B)(iv) no longer applied. The question before the court is when defendant was required to identify and disclose his expert witnesses. To answer this question, the court looks to Fed. R. Civ. P. 26(a)(2)(C), which provides that absent a stipulation or court order, the disclosures regarding expert testimony must be made (i) "at least 90 days before the date set for trial or for the case to be ready for trial," or (ii) "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure."

Defendant disclosed Dr. Eichenhorn nearly ten months ago. Further, in the March 1, 2010 response to this motion, defendant's counsel provided plaintiff with the expert's written report. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). The report contained a complete statement of the opinions Dr. Eichenhorn will express and the basis and reasons for them; the data or other information considered by the doctor in forming his opinions; the doctor's qualifications, including a list of all publications authored in the past ten years; a list of other cases during which the doctor

---

[1] When plaintiff filed this action in 2005, the prisoner exception appeared at Fed. R. Civ. P. 26(a)(1)(E)(iii).

has testified as an expert witness or by deposition in the previous four years; and the doctor's expert witness fees.  *See* docket no. 157.

Defendant has provided plaintiff with the expert witness disclosures more than 90 days before the date set for trial as required by Rule 26(a)(2)(C)(i).  The court finds no prejudice to plaintiff sufficient to require it to strike Dr. Eichenhorn's testimony.  Accordingly, plaintiff's motion in limine to strike expert witness (docket no. 153) is **DENIED**.

**IV. Plaintiff's motion in limine regarding defendant's proposed exhibits**

Finally, plaintiff seeks to exclude the introduction of evidence related to certain prior incidents not related to the August 10, 2004 incident at issue in this action, e.g.: critical incident reports not related to the August 10th incident; video of a July 2004 critical incident; and plaintiff's MDOC records which include misconduct reports.  In addition, plaintiff seeks to exclude other documents which have not been provided to him: segregation checklists for plaintiff for the week of August 10, 2004; special housing unit records for plaintiff from 2004; ICF Control Center log book for August 10th; ICF Housing unit log book for August 10th; critical incident log book for 2004; photographs of plaintiff's unit, cell, control tower and shower area; diagrams of plaintiff's unit; medical literature regarding pulmonary conditions and GERD; and literature regarding chemical agents and safe use of same.  *See* docket no. 155.

The August 14, 2009 final pretrial order listed these items as defendant's exhibits. Plaintiff did not object to the exhibits at that time. On the contrary, plaintiff stated in the same order that he "incorporates all of Defendant's listed exhibits." *Id.*  Moreover, there is no indication that plaintiff ever requested these exhibits from defendant.  Defendant does state in his response, however, that he provided plaintiff's counsel with "more than 3,000 pages of exhibits identified by Defendant Hogle in the August, 2009 Final Pretrial Order." *See* docket no. 159.

5

The final pretrial order indicates that plaintiff did not object to the admission of these exhibits, which include groups of exhibits reflecting plaintiff's prior misconduct and critical incidents at the MDOC. Accordingly, plaintiff has waived his objection to any particular category of exhibits listed on the final pre-trial order. Nevertheless, because specific individual exhibits were generally not identified within these categories in the final pre-trial order, the proponent of any particular one of these exhibits at trial will still have to demonstrate that it is admissible. Plaintiff's motion to exclude exhibits (docket no. 155) is **DENIED** to the extent that it seeks to exclude entire groups of exhibits.

**IT IS SO ORDERED.**

Dated: June 4, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge